IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

GREGORY COUSIN,                    )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )  Case No. CIV-15-150-D
                                   )
CAROLYN W. COLVIN,                 )
Acting Commissioner,               )
Social Security Administration,    )
                                   )
        Defendant.                 )

# **O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 18] issued by United States Magistrate Judge Bernard M. Jones pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). In this action for judicial review under 42 U.S.C. § 405(g), Judge Jones recommends affirmance of a final decision of the Commissioner denying Plaintiff's application for supplemental security income benefits. Plaintiff has filed a timely objection. Thus, the Court must make a *de novo* determination of the specific issues raised by Plaintiff's objection, and may accept, modify or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff does not disagree with Judge Jones' summary of the administrative proceedings, the medical record, the Commissioner's decision, or the legal standards governing judicial review. Plaintiff also does not challenge the recommendation to reject the third and fourth claims of error listed in his appeal brief. *See* R. & R. [Doc. No. 18], p.7,n.3 & pp.15-16; Pl.'s Br. in Chief [Doc. No. 12], pp.2, 14-16. Plaintiff has waived further

review of these portions of the Report. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).[1]

Briefly stated, the administrative law judge (ALJ) determined Plaintiff is not disabled as defined by the Social Security Act, finding in the sequential analysis as follows: Plaintiff has severe impairments of "diabetes mellitus, obesity, anxiety and depression" (R. 24); these impairments do not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1; Plaintiff has the residual functional capacity (RFC) "to perform the full range of light work as defined in 20 C.F.R. § 416.967(b) except: simple tasks and instructions only; no more than occasional interaction with coworkers and supervisors; and no public contact" (R. 27); Plaintiff is unable to perform any of his past relevant work; but there are other jobs existing in significant numbers in the national economy that Plaintiff can perform, taking into account his age, education, work experience, and RFC.

On appeal to this Court, as narrowed by Judge Jones' Report and the Objection, Plaintiff claims the following errors by the ALJ warrant reversal of the Commissioner's decision: 1) "The ALJ's RFC is not expressed in proper work-related functions and is therefore unsupported by substantial evidence" (Pl.'s Br. in Chief [Doc. No. 12], pp.2-6); and 2) "The ALJ failed to properly analyze the record" in finding diabetic retinopathy was not a severe, medically determinable impairment (*id*. pp.7-14).

---

[1] Plaintiff states in his Objection that he "incorporates by reference herein, all of the arguments he made in his Brief in Chief." *See* Pl.'s Obj. [Doc. No. 26], p.1. This statement "is not sufficiently specific to preserve any arguments for review" and thus is disregarded. *See Collins v. Colvin*, No. 15-6073, 2016 WL 66503 (10th Cir. Jan. 6, 2016) (citing *Soliz v. Chater*, 82 F.3d 373, 375 (10th Cir. 1996) and *2121 E. 30th St.*, 73 F.3d at 1060).

In his Report, Judge Jones carefully addresses these issues based on the administrative record and controlling legal authorities. He concludes the ALJ formulated an RFC finding that reflects work-related, functional limitations resulting from the mental impairments found by the ALJ, and that the RFC finding is supported by substantial evidence. Judge Jones also concludes substantial evidence supports the ALJ's finding that Plaintiff's claim of diabetic retinopathy is not a medically-determinable impairment, that is, it was not supported by the medical evidence of record or Plaintiff's own testimony. In his Objection, Plaintiff challenges both of these conclusions.

Upon *de novo* consideration of the issues properly raised by Plaintiff's Objection, the Court fully concurs in Judge Jones' thorough analysis and well-reasoned conclusions. Plaintiff first argues that Judge Jones errs in "find[ing] that a limitation to 'simple' work adequately accounted for Plaintiff's limitation in concentration." *See* Pl.'s Obj. [Doc. No. 26], p.1. Plaintiff's arguments regarding this claim of error both misstate the ALJ's findings and mischaracterize Judge Jones' discussion of the issue.[2] In fact, the ALJ included in his RFC findings a limitation of "simple tasks and instructions only" (R. 27), not merely "simple work." Further, after carefully considering Plaintiff's arguments, Judge Jones

---

[2] It also appears that Plaintiff attempts in his arguments to expand the issues raised on appeal and to challenge the ALJ's findings regarding the severity of Plaintiff's mental impairment. He argues that "[t]he ALJ was required to [but did not] explain his reasons for rejecting a portion of the medical records he adopted" regarding Plaintiff's mental limitations. *See* Pl.'s Obj. [Doc. No. 26], p.4. Judge Jones expressly noted in his discussion of the RFC assessment that "[t]he ALJ provided several reasons – none of which Plaintiff challenges on appeal – for assigning significantly less weight than he otherwise would have to the treating source opinion of Dr. Strickland." *See* R. & R. 6-7 (footnote omitted). "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

3

concludes: "The ALJ's RFC limiting Plaintiff to 'simple tasks and instructions only; no more than occasional interaction with coworkers and supervisors; and no public contact' accurately reflects, in work-related functions, the nature and degree of mental limitations the ALJ found Plaintiff to have. . . . It follows that the ALJ's reliance on the unskilled jobs the [vocational expert] identified in response to the hypothetical was supported by substantial evidence." *See* R. & R., p.11. The Court cannot add significantly to Judge Jones' discussion of the evidence and authorities leading to this conclusion and, therefore, adopts this portion of the Report as though fully set forth herein.

Regarding the ALJ's finding of no medically-determinable vision impairment, Plaintiff argues that Judge Jones errs in relying on Plaintiff's "failure to seek 'treatment' and his own 'statements' regarding his vision" to uphold this finding. *See id*. p.5. In so arguing, Plaintiff focuses on a minor part of Judge Jones' four-page analysis of the medical records and Plaintiff's treatment history, and the lack of any objective evidence to support Plaintiff's claim of having a medically determinable impairment based on diabetic retinopathy. Upon *de novo* consideration of the medical record cited by the ALJ in support of his finding regarding "the claimant's alleged Diabetic Retinopathy" (R. 27-29), the Court agrees with Judge Jones' conclusion that substantial evidence supports the ALJ's finding that Plaintiff's claim "is not a 'medically determinable impairment,' as defined by the Regulations." *Id*. at 29. Therefore, the Court also adopts this portion of the Report as though fully set forth herein.

4

IT IS THEREFORE ORDERED that Judge Jones' Report and Recommendation [Doc. No. 18] is ADOPTED in its entirety. The Commissioner's decision is AFFIRMED. Judgment shall be entered accordingly.

IT IS SO ORDERED this  29th  day of January, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE